**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re *Ex Parte* Application of<br><br>Leak Yim,<br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | : | Case No. 1:26-mc-00095-ACR |

**LEAK YIM'S MEMORANDUM OF LAW IN SUPPORT**
**OF HIS EMERGENCY MOTION FOR EXPEDITED CONSIDERATION**
**OF HIS *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

**SEIDEN LAW LLP**

Jake Nachmani
Andrew Astuno
Ting Huang
Peter Grabowski
322 Eighth Avenue, Suite 1200
New York, NY 10001
(646) 766-1723

*Attorneys for Applicant Leak Yim*

Applicant Leak Yim ("**Applicant**") respectfully submits this memorandum of law in support of his emergency motion for expedited consideration of his *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to conduct and obtain discovery for use in foreign proceedings (ECF 1, the "**Application**"; and as to this motion, "**Motion**").

**ARGUMENT**

A federal court "shall expedite" consideration of an action where "good cause therefor is shown." 28 U.S.C. § 1657(a). "For purposes of this subsection, 'good cause' is shown if a right under ... a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.; see also Neighbors Against Bison Slaughter v. Nat'l Park Serv.*, 2019 WL 6050302, at *1 n.2 (D.D.C. Nov. 14, 2019) (granting expedited consideration pursuant to § 1657(a)); *Muthana v. Pompeo,* No. 19-445-RBW, ECF 33, at 7–10 (D.D.C. Dec. 17, 2019) (granting motion for expedited consideration based on "updated circumstances and newly discovered facts."); *Brennan Ctr. for Just. at N.Y.U. Sch. of L. v. U.S. Dep't of State,* 300 F. Supp. 3d 540, 546-47 (S.D.N.Y. 2018) ("Under the Civil Priorities Act, district courts must expedite the consideration of any action . . . if 'good cause' therefor is shown."); *In re Dairy Mart Convenience Stores, Inc.,* 272 B.R. 66, 70 (S.D.N.Y. 2002) ("Nevertheless, under the unique circumstances present here, the Court finds that [appellant] has stated a compelling case for emergency review."); *Virginians Against Corrupt Cong. v. Moran*, 1992 WL 321508, at *1 (D.D.C. Oct. 21, 1992) (granting expedited consideration where delayed relief would be "significantly less valuable").

As Applicant set forth in his Supplemental Memorandum of Law in Support of the Application filed on September 12, 2026 (ECF 5), on September 10, 2026, Mr. Sims publicly announced that he will be in Washington, D.C. this week for a closed-door launch discussion at

11:30 a.m. on September 16, 2026. *See* ECF 6 at ¶¶9-10; ECF 6-2. Should the Court grant the Application before this event, Applicant will have a concrete and imminent opportunity to serve Mr. Sims with the Application, including its subpoenas, while he is physically present in this District. Such service would satisfy § 1782's "is found" requirement and would comport with due process. Moreover, Applicant intends to submit evidence obtained through this Application to the Thai Civil Court as soon as it is obtained. *See generally* ECF 1-1 at ¶¶97-98. By authorizing Applicant to issue the subpoenas before Mr. Sims' scheduled appearance in the District, the Court would preserve Applicant's ability to obtain potentially exculpatory evidence to aid in his efforts to defeat the forfeiture of his assets and to refute the allegations against him before the Thai Civil Court. *See* Yim Decl. at ¶¶97-98. Additionally, this evidence will be used in the parallel AMLO Investigation, which remains ongoing, and may subsequently be used in any appeal of the Thai Civil Court's decision in the *Civil Forfeiture Action*. *Id.*

Under these circumstances, the Court should grant expedited review of the Application, as such review is consistent with the practice of this District and other district courts for reviewing and granting § 1782 applications on an *ex parte* basis. *See In re Pueblo Viejo*, No. 1:25-mc-00124-TJK, ECF 3 (D.D.C. July 29, 2025) (granting *ex parte* § 1782 application within five calendar days of its filing); *In re Boustany*, 1:23-mc-00027-JPO, ECF 7 (S.D.N.Y. Jan. 31, 2023) (granting *ex parte* § 1782 application within one day of its filing); *In re Ex Parte Application of Christopher Chahn Bahng,* No. 5:25-mc-80260-BLF, ECF 8 (N.D. Cal. Sept. 5, 2025) (granting *ex parte* § 1782 application four calendar days upon the filing of applicant's motion for expedited consideration); *In re Vinmar Overseas, Ltd.,* No. 1:24-mc-00164-KPF, ECF 8 (S.D.N.Y. May 30, 2024) (granting *ex parte* § 1782 application on the same day it was filed).

## CONCLUSION

For the reasons set forth herein, the Court should grant Applicant's Motion and expedite its review of the Application.

Dated: September 14, 2026
Washington, D.C.

*/s/ Jake Nachmani*
**SEIDEN LAW LLP**
Jake Nachmani
(*pro hac vice*)
Andrew Astuno
Ting Huang
(*pro hac vice* forthcoming)
Peter Grabowski
(*pro hac vice* forthcoming)
322 Eighth Avenue, Suite 1200
New York, NY 10001
(646) 766-1723
jnachmani@seidenlaw.com
aastuno@seidenlaw.com
ohuang@seidenlaw.com
pgrabowski@seidenlaw.com

*Attorneys for Applicant Leak Yim*