**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re *Ex Parte* Application of<br><br>Leak Yim,<br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | : | Case No. 1:26-mc-00095-ACR |

**JOINT STATUS REPORT**
**AND CONSENT MOTION TO MODIFY THE BRIEFING SCHEDULE**

Pursuant to the Court's October 14, 2026 Minute Order, Applicant Leak Yim ("**Applicant**") and Respondent Jacob Sims ("**Respondent**"; and together with Applicant, the "**Parties**"), by their undersigned counsel, submit this Joint Status Report and Consent Motion to Modify the Briefing Schedule ("**Report**") and state as follows:

1. On October 13, 2026, the Court held a status conference to address, among other matters, whether this District is the appropriate forum for these proceedings.

2. During that conference, Respondent explained that he does not object to proceeding in this District and that his principal objections concern the propriety and scope of the Application.

3. On October 14, 2026, the Court directed the Parties to confer and file a joint status report by November 13, 2026, addressing whether they intend to proceed under the briefing schedule established by the Court's October 7, 2026 Minute Order or, alternatively, whether the Parties prefer to proceed with a motion to quash or modify following the granting of the Application.

4. On November 10 and 12, 2026, the Parties conferred and agree, subject to the Court's approval, to proceed under the alternative procedure identified in the October 14, 2026

Minute Order: the Court would grant the Application on an ex parte basis, without opposition briefing or adjudication of Respondent's objections at this stage, authorize service of the subpoenas, and permit Respondent to present those objections to the Application itself through a motion to quash or modify.

5. The Parties' agreement to this procedure is intended only to defer Respondent's objections from the Application stage to the motion-to-quash stage, not to narrow, waive, or otherwise affect them. Accordingly, Respondent may raise in a motion to quash or modify any argument or objection that he could have asserted in opposition to the Application, including any challenge to whether the requirements of 28 U.S.C. § 1782 are satisfied or whether the requested discovery should be permitted under the discretionary factors governing § 1782 relief. Applicant reserves the right to oppose any such motion.

6. Also, on November 10, 2026, during the Parties' meet and confer, Applicant represented that, should the Court grant the Application, Applicant would be willing to reasonably limit the scope of the discovery sought by narrowing the document requests in the subpoena *duces tecum* and the topics identified in the subpoena *ad testificandum* and would discuss such matters with Respondent in good faith.

7. Therefore, the Parties propose the following schedule: Respondent's motion to quash or modify by December 21, 2026; Applicant's opposition by February 19, 2027; and Respondent's reply by March 19, 2027.

8. The Parties agree to the following page limits: a 45-page limit for Respondent's opening memorandum; the same 45-page limit for Applicant's opposition; and a 20-page limit for Respondent's reply.

9. Good cause exists for the proposed revised briefing schedule in light of the

substantial factual and legal issues presented by the Application, the need for consultation with foreign-law and other subject-matter experts, and the Parties' respective schedules during the intervening holiday periods.

10. The proposed briefing schedule is jointly requested and will permit the Parties to present the issues fully to the Court.

11. The Court has scheduled a hearing on the Application for February 8, 2027. Because the new proposed briefing schedule would result in completion of briefing after the currently scheduled hearing, the Parties respectfully request that the Court reschedule the hearing to a later date as the Court deems appropriate.

12. This is the Parties' first request to modify the briefing schedule established by the Court's October 7, 2026 Minute Order. The request is made in good faith and not for purposes of delay.

13. By submitting this Report, the Parties do not waive and specifically preserve any claims, arguments, or defenses they may have against any other Party or any non-party.

Dated: November 13, 2026

Respectfully submitted,

*/s/ Jake Nachmani*
**SEIDEN LAW LLP**
Jake Nachmani
(*pro hac vice*)
Andrew Astuno, D.C. Bar No. 1028414
Ting Huang
(*pro hac vice* forthcoming)
Peter Grabowski
(*pro hac vice*)
322 Eighth Avenue, Suite 1200
New York, NY 10001
(646) 766-1723
jnachmani@seidenlaw.com
aastuno@seidenlaw.com

*/s/ Tatiana Sainati*
**WILEY REIN LLP**
Tatiana Sainati, D.C. Bar No. 156105
Natalia Szlarb
(*pro hac vice* forthcoming)
Christina Lucas
(*pro hac vice* forthcoming)
2050 M Street NW
Washington, D.C. 20036
(202) 719-3544
tsainati@wiley.law
nszlarb@wiley.law
cvlucas@wiley.law

ohuang@seidenlaw.com
pgrabowski@seidenlaw.com

*Attorneys for Applicant Leak Yim*

*Attorneys for Respondent Jacob Sims*