**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF LEAK YIM FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 26-mc-95 (ACR) |

**ORDER**

Leak Yim has filed an application under 28 U.S.C. § 1782 to obtain discovery from Jacob Sims for use in a foreign proceeding. *See* Dkt. 1. The Court grants the application.

The Court has the authority to grant a § 1782 application when "(1) the person from whom discovery is sought resides or is found within the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made by an interested person." *In re Application of Mussington v. Deborah Brosnan & Assocs., LLC*, 708 F. Supp. 3d 1, 12 (D.D.C. 2023).

The Court "is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (cleaned up). In determining whether to exercise its discretion to grant the application, the Court considers four factors outlined by the Supreme Court: (1) whether the target of the discovery request "is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65.

The Court has the authority to grant Yim's application. Sims is "found within" the district within the meaning of § 1782. *See* Dkt. 1 at 19–21; *see also Matter of de Leon*, No. 19-mc-0197, 2020 WL 1047742, at *2 (D.D.C. Mar. 4, 2020). The discovery is for use in two proceedings before foreign tribunals: the Thai Anti-Money Laundering Office investigation and the Thai civil forfeiture action. *See* Dkt. 1 at 22–24. And Yim is an "interested person" because he is a party to both proceedings. *See id.* at 24–25.

At this preliminary stage, the discretionary factors favor granting the application. First, Yim has attached a declaration from his Thai counsel, Pisut Rakwong, stating that Sims is not a participant in the Thai proceedings. *See* Dkt. 1-3 ¶ 90. Second, Rakwong maintains that Thai courts and the AMLO do not categorically exclude evidence obtained through foreign discovery and instead assess the evidence's admissibility using the same standards applicable to evidence obtained domestically. *See* Dkt. 1-3 ¶¶ 96–97, 101–04.

Third, nothing in the record indicates that Yim is attempting to circumvent Thai proof-gathering restrictions or policies. "[A]ttempting to more efficiently obtain use of relevant documents from this Court does not evidence an intent to circumvent foreign discovery rules." *Menashe v. Covington & Burling LLP*, 552 F. Supp. 3d 35, 43 (D.D.C. 2021) (cleaned up). Nor does the fact that Thai tribunals may not enable similar discovery. *See Intel*, 542 U.S. at 261.

Finally, at this stage, the Court cannot definitively conclude that Yim's application is unduly burdensome. Yim seeks specific categories of information within a limited period. *See* Dkt. 1-6 Exs. 2–3. Additionally, Sims will have the opportunity to move to quash the subpoenas if they are unduly burdensome. *See In re Pishevar*, No. 21-mc-105, 2023 WL 2072454, at *4 (D.D.C. Feb. 17, 2023).

For the foregoing reasons, the Court **GRANTS** Yim's application, Dkt. 1. Yim is authorized to serve on Sims the subpoenas attached to his application as Exhibits 2 and 3 to Dkt. 1-6.

**SO ORDERED.**

Date: November 23, 2026

ANA C. REYES
United States District Judge